11 F.3d 21
 Mark FERRAN, Nadia Ferran, Plaintiffs-Appellants,
v.
TOWN OF NASSAU; Robert Whitney, former Town Supervisor;
Bernard Clifford, Town Supervisor; George Flemings, former
Highway Superintendent; Joseph Meizinger, Town Highway
Superintendent; Ruth Bridgham, former Town Attorney;
County of Rensselaer; County of Rensselaer Highway
Department; Ralph Colongione, Deputy County Engineer; John
Toma, Supervisor for the Southern Tier; William Gonzales,
N.Y. State Trooper (shield # 3912), All individually, and in
their official capacity; John F. Richardson; Joanne
Richardson, and Janet Alleman, Defendants-Appellees.
 No. 1080, Docket 92-9290.
 United States Court of Appeals,
Second Circuit.
 Argued April 19, 1993.
Decided Dec. 1, 1993.
 
 Mark Ferran, pro se.
 Daniel J. Stewart, Albany, NY (Dreyer, Boyajian & Tuttle, of counsel), for defendants-appellees Town of Nassau, Whitney, Clifford, Flemmings, Meizinger, Bridgham, and Goebel.
 William F. Gormley, Rockville Centre, NY (O'Brien, McGarry, Murtagh & Mayr, of counsel), for defendant-appellee County of Rensselaer.
 Maryanne E. Low, Schenectady, NY (Higgins, Roberts, Beyerl & Coan, P.C., of counsel), for defendant-appellee Alleman n/k/a Adler.
 Before: PRATT and JACOBS, Circuit Judges, and WHITMAN KNAPP, Senior District Judge, United States District Court for the Southern District of New York, sitting by designation.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 Nadia and Mark Ferran, mother and son, appeal pro se from two judgments of the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., Judge, which, on motions under Fed.R.Civ.P. 12(b)(6), dismissed their suit for damages, declaratory, and injunctive relief brought principally under 42 U.S.C. Sec. 1983, Sec. 1985, and Sec. 1986. Pendent state claims for slander and defamation were also alleged. The Ferrans' suit named as defendants all those involved in what is, in essence, a local land dispute involving both private and governmental parties.
 
 
 2
 Since the district court dismissed the complaint under Fed.R.Civ.P. 12(b)(6), we must review the dismissal de novo. In re Ames Dep't Stores Inc. Stock Litig., 991 F.2d 953, 963 (2d Cir.1993) (citing Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir.1991)). We also must presume all factual allegations in the complaint to be true and view them in a light most favorable to the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, --- U.S. ----, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In addition, because the plaintiffs are acting pro se, the complaint must be "liberally construed" in favor of the plaintiffs and held to "less stringent standards than formal pleadings drafted by lawyers". Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). The proper test is whether the complaint, viewed in this manner, states any valid ground for relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).
 
 
 3
 Since we conclude that the district court abused its discretion in denying plaintiffs' request for leave to file their amended complaint, and since we are reversing for further proceedings under the amended complaint, it is to the allegations of the amended complaint that we refer in discussing facts and issues in this case. See, e.g., Fed.R.Civ.P. 15(a); Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 762 (2d Cir.1990), cert. denied, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991) (pro se litigant should be afforded every reasonable opportunity to demonstrate that he or she has a valid claim).
 
 
 4
 In their amended complaint, the Ferrans catalogue actions allegedly taken, separately and in concert, by neighbors, local governments, and local governmental officials to undermine and infringe their property interest in land which the Ferrans claim to own. In 1964 the Ferrans obtained tax deeds to approximately 90 acres of land located near Burden Lake and Van Patten Road in the Town of Nassau, Rensselaer County, New York. The deeds were given by the Rensselaer County Treasurer and were based on a tax sale of the 90 acres for delinquent taxes assessed by the Town of Sand Lake. Prior to the tax sale a subdivision map called Terrace Gardens had been filed on a portion of the 90 acres. Apparently, the property subject to the map of Terrace Gardens was in the Town of Nassau, not the Town of Sand Lake. This suggests a question of New York real property law and New York real property tax law, as to what land was conveyed to the Ferrans by the tax deeds.
 
 
 5
 Thus, the threshold, possibly dispositive, issue in this Sec. 1983 action is: Do the Ferrans own the subject properties? If they do not, they have no cause of action. If they do, then the amended complaint sufficiently alleges a series of acts by both the private and public defendants which, if true, would establish claims under Sec. 1983 for deprivation of property without due process. Other issues pertinent to the claimed interferences and infringements upon the subject properties would then need to be considered. For example, what happened with respect to the events alleged in the complaint? Has the statute of limitations run on any of the alleged incidents? Are the defendant municipal officers entitled to qualified immunity as to any or all of the incidents?
 
 
 6
 Since the core of this dispute is plaintiffs' claim to ownership of the subject properties, it would be within the discretion of the district court to abstain under Pullman so as to permit that tangled issue of state law to be resolved in a state court. Railroad Comm. v. Pullman Co., 312 U.S. 496, 501-02, 61 S.Ct. 643, 645-46, 85 L.Ed. 971 (1941) (stay of federal action proper to await resolution of unsettled questions of state law). Should the district court elect that route, it should enter an order indicating that it is abstaining under Pullman and then stay all further proceedings in this federal action while the plaintiffs pursue appropriate judicial proceedings in state court to establish their ownership of the subject properties. It would be appropriate to impose a requirement on plaintiffs that they must initiate court proceedings within a reasonable period of time, perhaps within 90 days, and that they prosecute the state court proceedings diligently. Failure to do either would be a sufficient basis for dismissal of the stayed federal action.
 
 
 7
 After the state-court action is concluded, either the federal action would be mooted or plaintiffs' property rights would be established. In the latter event, the district court may need to require a further amended complaint before finally addressing the merits of this Sec. 1983 action.
 
 
 8
 Of course, the district court is not required to abstain; it may wish to decide directly in this action the threshold issue of plaintiffs' ownership. Whether that issue is decided in state or federal court lies within the district court's discretion.
 
 
 9
 We note for the guidance of the district court, should the case move past the state-law issue of plaintiffs' ownership of the subject properties, and should the federal issues need to be addressed in the future, the town and county have no Sec. 1983 immunity. Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (municipality not entitled to qualified immunity); Goldberg v. Town of Rocky Hill, 973 F.2d 70 (2d Cir.1992) (town was not entitled to absolute legislative immunity). In addition, the statute of limitations has not run on incidents that deprived plaintiffs of their property rights for those incidents that occurred after September 24, 1988. Further, the allegations of conspiratorial conduct in the amended complaint are, generally speaking, sufficient to state a claim. See Leatherman, --- U.S. ----, ---- - ----, 113 S.Ct. 1160, 1162-63 (1993).
 
 
 10
 With respect to the claim alleged under 42 U.S.C. Sec. 1985, the district court was correct that there is no class-based private conspiracy described in the complaint, because there is no class-based animus alleged. Griffin v. Breckenridge, 403 U.S. 88, 103-04, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971). However, there is also alleged a conspiracy between private citizens and public officers. The allegations are therefore technically sufficient, because that type of joint conduct is actionable under Sec. 1983, Adickes v. S.H. Kress & Co., 398 U.S. 144, 150-52, 90 S.Ct. 1598, 1604-1605, 26 L.Ed.2d 142 (1970); Stump v. Sparkman, 435 U.S. 349, 354-55, 98 S.Ct. 1099, 1103-1104, 55 L.Ed.2d 331 (1978), so that plaintiffs' alleged Sec. 1985 claim merely duplicates part of their claim under Sec. 1983. Dismissal of the entire claim under Sec. 1985 is therefore appropriate because the claim is unnecessary.
 
 
 11
 We affirm that portion of the judgments that dismissed plaintiffs' claims under 42 U.S.C. Sec. 1985; insofar as they are viable claims, they merely duplicate plaintiffs' conspiracy claims under Sec. 1983 and are therefore unnecessary. In all other respects, we reverse the judgments of the district court and remand for further proceedings.