GICC CAPITAL CORP.

v.

TECHNOLOGY FINANCE
GROUP, INC., et al.

No. 5:91CV00625(WWE).

United States District Court,
D. Connecticut.

Dec. 21, 1994.

Stefan Richard Underhill, Craig Arthur Goldberg, Day, Berry & Howard, Stamford, CT, Evan J. Charkes, Spengler, Carlson, Gubar, Brodsky & Frischling, Richard Paul Swanson, Reid & Priest, New York City, Scott P. Moser, Rhoda Lynne Rudnick, Day, Berry & Howard, Hartford, CT, for plaintiff GICC Capital Corp.

Frederic S. Ury, Ury & Moskow, Westport, CT, for defendants Technology Finance Group, Inc., TFG Acquisition Corp., Arthur Kronenberg.

Edward R. Scofield, David P. Atkins, Maximino Medina, Jr., Zeldes, Needle & Cooper, Bridgeport, CT, Eugene R. Scheiman, Anthony D. DeToro, Baer, Marks & Upham, New York City, for defendants Andrew Graham, Dennis Williamson, Graham & Williamson, Creative Resources, Inc., TFF, Inc., Apple Leasing, Inc., James T. Pierce, Walter H. Prime, Gordon Locke.

### RULING ON DEFENDANTS' MOTIONS TO DISMISS

EGINTON, Senior District Judge.

The plaintiff, GICC Capital Corporation, filed this action against defendants Technology Finance Group, Inc. ("TFG, Inc."), Arthur Kronenberg, TFG Acquisition Corporation, Creative Resources, Inc., TFF, Inc., Apple Leasing, Inc., James T. Pierce, Andrew Graham, Dennis Williamson, Graham & Williamson and Gordon Locke in September of 1991 alleging that defendants systematically looted TFG, Inc.'s assets in order to frustrate plaintiff's collection of a promissory note. Plaintiff's Amended Complaint sets forth the defendants' alleged violations in seven counts: Count I—Default on Promissory Note; Count II—Fraudulent Conveyance, Transfer of Apple Leasing, Inc./Transfer of Lease Residuals; Count III—Fraudulent Conveyance, Sale of TFG, Inc.; Count IV—Securities Fraud; Count V—Conspiracy to Commit Securities Fraud; Count VI—Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a)–(c); and Count VII—Violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.Gen.Stat. § 42–110a, *et seq.*

In August, 1993, this court adopted Magistrate Judge Arthur H. Latimer's recommended dismissal of the Amended Complaint for failure to present a federal question. It was determined that plaintiff did not adequately plead a federal securities claim and lacked standing under RICO. Plaintiff appealed the dismissal of its RICO claim. The United States Court of Appeals for the Second Circuit reversed the denial of standing and remanded the case for further proceedings. Defendants seek to dismiss the Amended Complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a RICO claim upon which relief can be granted, and for failure to plead fraud with the particularity required by Fed.R.Civ.P. 9(b).

### I. *FACTS*

The factual history of this litigation has been fully set forth in the June 15, 1993 recommended ruling of former Magistrate Judge Arthur H. Latimer in connection with defendants' motions to dismiss, and in the July 11, 1994 opinion of the United States Court of Appeals for the Second Circuit, familiarity with which is presumed.

### II. *STANDARD OF REVIEW*

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). When determining the validity of a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). "[A] complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. *DISCUSSION*

 The first issue presented is whether plaintiff has adequately pled the essentials of a RICO claim pursuant to 18 U.S.C. § 1962(a)–(c). In order to sufficiently state a claim under RICO a plaintiff must allege a "pattern of racketeering activity." "[T]o prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 2900–01, 106 L.Ed.2d 195 (1989). Defendants contend that plaintiff has not adequately alleged a "pattern of racketeering activity" because it has failed to satisfy the continuity requirement. The court agrees.

 " 'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.... A party ... may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id.* at 241, 242, 109 S.Ct. at 2902. Alternatively, an ongoing enterprise that threatens prolonged criminal activity will satisfy the continuity requirement. While multiple predicates within a single scheme may constitute continuous criminal activity, the continuity requirement is established only if the illegal activities have long-term consequences. *Id.* at 240–42, 109 S.Ct. at 2901–02. An enterprise that has a "short-lived goal or inherently terminable nature" is not "continuous" for purposes of RICO. *Update Traffic Sys., Inc. v. Gould,* 857 F.Supp. 274, 280–81 (E.D.N.Y.1994).

 This case involves an alleged scheme to defraud a single company out of monies due on a note. While plaintiff contends that defendants committed fraudulent acts against "TFG, Inc.'s creditors" and "trust investors", the Amended Complaint fails to identify with the requisite specificity the persons or entities, other than plaintiff, that were defrauded by defendants. Plaintiff's attempt to plead "multiple victims" does not meet the requirement of Fed.R.Civ.P. 9(b) that averments of fraud be stated with particularity. *See Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989) (allegations that defendant committed fraud against plaintiffs and "various individuals" lacked necessary specificity to allow a finding of continuity based on multiple victim theory). Consequently, plaintiff's multiple victim allegations cannot be relied upon to show continuing racketeering activity.

Even if the court assumes that plaintiff properly alleges, to the requisite specificity required by Fed.R.Civ.P. 9(b), a fraudulent plan to loot TFG, Inc. in order to frustrate plaintiff's satisfaction of the note, there can be no finding of continuity. Such a single short-lived scheme does not denote continuous racketeering activity. Once defendants' narrowly focused goal was accomplished, i.e., when the remnant of TFG, Inc. was sold to TFG Acquisition Corporation without recourse, defendants' racketeering activity ended. Defendants' alleged illegal activities do not suggest "a distinct threat of long term racketeering activity, either implicit or explicit." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. at 242, 109 S.Ct. at 2902.

Furthermore, defendants' alleged fraudulent scheme does not meet the "closed-ended" variety of continuous conduct just because it spanned, at most, a two year period. While the alleged looting scheme necessitated a number of predicate acts over a determinate period of time, its short-lived goal and inherently terminable nature preclude a finding of continuity. *See Mead v. Schaub,* 757 F.Supp. 319 (S.D.N.Y.1991) (employers alleged scheme to appropriate management consultant's client base over a period of years did not meet continuity requirement); *Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank,* 934 F.2d 976 (8th Cir.1991) (alleged banking scheme to defraud contractor via deceptive loan default practices did not meet continuity requirement).

Defendants' alleged pillaging of TFG, Inc. does not constitute unlawful activity "whose scope and persistence pose a special threat to social well-being." *Int'l Data Bank, Ltd. v.*

*Zepkin,* 812 F.2d 149, 155 (4th Cir., 1987). The court agrees with the Fourth Circuit's statement in *Menasco, Inc. v. Wasserman,* 886 F.2d at 685 (citations omitted):

> If the pattern requirement has any force whatsoever, it is to prevent this type of ordinary commercial fraud from being transformed into a federal RICO claim. If we were to recognize a RICO claim based on the narrow fraud alleged here, the pattern requirement would be rendered meaningless.

Consequently, plaintiff has failed to adequately plead a "pattern of racketeering activity" pursuant to 18 U.S.C. § 1962, *et al.*

### CONCLUSION

Plaintiff's securities fraud claims having been dismissed in an earlier opinion, its RICO claim is the sole basis for federal jurisdiction. The remainder of plaintiff's claims plead relief under state law and will not be adjudicated by this court.

For the foregoing reasons, the defendants' motions to dismiss [88] and [90] are GRANTED.