**Ralph HARVEY, Plaintiff,**

v.

**Patricia HARVEY, et al., Defendants.**

**No. 3:95cv253 (DJS).**

United States District Court,
D. Connecticut.

March 25, 1996.

Ralph E. Harvey, Pro Se.

William B. Barnes, Rosenstein & Barnes, Fairfield, CT, for Patricia M. Harvey.

Barbara J. Sheedy, Lisa M. Faris, McGrail, Carroll & Sheedy, New Haven, CT, for Sandra McDonough.

## MEMORANDUM OPINION AND ORDER

SQUATRITO, District Judge.

Plaintiff filed this action *pro se* against his wife, Patricia Harvey, and her attorney, Sandra McDonough, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and for violation of plaintiff's constitutional rights. The case is now before the court on the defendants' motions to dismiss the complaint, which for the reasons stated below will be granted.

## I. STANDARD

■ The threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low. A court may dismiss a complaint only if appears beyond a doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 71, 104 S.Ct. 2229, 2231–32, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Allen v. WestPoint, Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). The issue is not whether a plaintiff will prevail, but whether he should be afforded the opportunity to offer evidence to prove his claims. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

■ Where a plaintiff is appearing *pro se,* the complaint must be liberally construed in the plaintiff's favor and must be held to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (citations omitted); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). The focus of the court remains on the issue of "whether the complaint ... states *any valid ground* for relief." *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (emphasis added), *cert. denied,* —— U.S. ——, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994).

## II. FACTS

The Complaint alleges that Defendants Harvey and McDonough conspired to interfere with the plaintiff's interstate air transportation activities. This was accomplished through the intimidation of one Carole Helms, the president of Aircraft Charter Group ("ACG"), which was made possibly through the defendants' knowledge of Helms's allegedly unlawful business practices. Apparently, the defendants intimidated Helms with this information and thereby caused Helms to interfere with the plaintiff's interstate air transportation activities by denying the plaintiff use of various aircraft belonging to ACG. This action caused the plaintiff substantial harm, including loss of income, injury to professional status, and emotional harm. In conspiring to do this harm, the defendants allegedly violated the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* Plaintiff's RICO Case Statement, filed in accordance with the Standing Order in Civil RICO Cases of the Local Rules of Civil Procedure (D.Conn.), alleges that the defendant's conduct violated 18 U.S.C. §§ 1962(b), (c) and (d).

In a second count plaintiff alleges that the defendants also conspired to use Defendant McDonough's status as a Commissioner of the Superior Court to deprived the plaintiff of his Fifth and Fourteenth Amendment rights by forcing the plaintiff to make unnecessary appearances in Superior Court.

## III. DISCUSSION

### A. First Count: Civil RICO

Section 1964 of Title 18 provides civil remedies to those persons injured in their business or property by the activities proscribed by 18 U.S.C. § 1962. Our Court of Appeals has described the statutory scheme of § 1962 as follows:

Section 1962(a) prohibits using income received from a "pattern of racketeering activity" to acquire an interest in or establish an enterprise engaged in or affecting inter-

state commerce. Section 1962(b) proscribes the acquisition of maintenance of any interest in an enterprise "through" a pattern of racketeering activity. Section 1962(c) prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity. Section 1962(d) proscribes conspiring to violate subsection (a), (b), or (c).

*Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 23 n. 1 (2d Cir.1990). Plaintiff's complaint, as informed by the RICO Case Statement, alleges violations of 18 U.S.C. §§ 1962(b),[1] 1962(c)[2] and 1962(d).[3]

■ In order to state a claim for a violation of RICO, a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). At the outset, the court notes it is doubtful whether the enterprise allegedly involved in this case—the mere relationship between Ms. Harvey and Ms. McDonough—legally suffices as an "associated-in-fact" enterprise within the meaning of § 1961(4). *See, e.g., Superior Oil Co. v. Fulmer,* 785 F.2d 252, 258 (8th Cir. 1986) ("the term 'enterprise' must signify an association that is substantially different from the acts which form the 'pattern of racketeering activity.' "); *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.,* 886 F.Supp. 1134, 1144 (S.D.N.Y.1995) ("To establish an association-in-fact enterprise, plaintiffs must show that the members of the enterprise function as a continuing unit and that the enterprise exists separate and apart from the racketeering activity in which it is allegedly engaged."). Nevertheless, the court need not reach this issue in light of more glaring deficiencies in the asserted causes of action.

■ Even if the plaintiff were held to have alleged a cause of action involving a proper enterprise, the Complaint fails to allege a "pattern of racketeering activity." To claim of a pattern of racketeering activity, a plaintiff must allege the existence of two or more racketeering predicates and that the predicate acts are (1) related and (2) amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Tele.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 2900–01, 106 L.Ed.2d 195 (1989).

■ The offenses which may serve as predicate acts for a RICO claim are listed in 18 U.S.C. § 1961. This list is exclusive. *See Red Ball Interior Demolition Corp. v. Palmadessa,* 874 F.Supp. 576, 586 (S.D.N.Y. 1995). The only predicate acts asserted in the Complaint are the alleged intimidation by the defendants of Ms. Helms. The plaintiff has pointed to no offense chargeable under State law and punishable by a term of imprisonment exceeding one year, 18 U.S.C. § 1961(1)(A), nor any act indictable under the enumerated provisions of Title 18 of the United States Code, 18 U.S.C. § 1961(1)(B). The facts alleged also do not meet the criteria of subdivisions (C), (D), or (E) of § 1961(1). Thus, the Complaint does not allege the commission or a conspiracy to commit any predicate acts within the scope of RICO.

■ The other element of a pattern requires proof of continuous criminal activity. Since no RICO predicate acts are alleged in the Complaint, plaintiff has failed to establish the element of continuity essential to a viable RICO claim. *See H.J., Inc.,* 492 U.S. at 242–43, 109 S.Ct. at 2902 (explaining that continu-

---

1. Subsection (b) declares it:
   unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

2. Subsection (c) declares it:
   unlawful for any person employed or associated with any enterprise engaged in, or the activ-

   ities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

3. Subsection (d) declares it:
   unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section.

ity requirement can be established either by "a specific threat of repetition [of the predicates act] extending indefinitely into the future," or by "showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business"). Moreover, neither plaintiff's Complaint nor his RICO Case Statement mention any time frame with regard to the defendants' allegedly unlawful acts. Thus, even assuming the plaintiff had plead legally cognizable predicate acts, he has not alleged that the predicate acts amount to or pose a threat of *continued* criminal activity. *See H.J., Inc.*, 492 U.S. at 237, 109 S.Ct. at 2899 ("Congress … intend[ed] a more stringent requirement than proof simply of two predicates, but also envision[ed] a concept of sufficient breadth that it might encompass multiple predicates within a single scheme that amount to, or threaten the likelihood of, continued criminal activity.").[4]

### B. Second Count

Plaintiff's second count alleges the defendants "conspired to interfere with the Plaintiff's employment, business and professional duties so as to violate the Plaintiff's U.S. Constitutional rights under Amendments V and XIV." (Complaint at 4). The violation of plaintiff's constitutional rights "occurred as a result of the conspiracy between the Defendants to cause said interference through the use of Defendant Sandra McDonough's status as a Commissioner of the Superior Court." (*Id.*)

Construing the Complaint broadly, as the court must, the second count may allege violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) or civil RICO. To the extent the alleged conspiracy is asserted as the basis of a RICO claim, such a claim is precluded for the reasons stated above with respect to the first count of the Complaint.

■ The second count fares no better construed as a civil rights violation. To state a claim under 42 U.S.C. § 1983, a plaintiff must satisfy a two-part test. First, the

plaintiff must allege facts sufficient to demonstrate that the defendant acted under color of state law. Second, the plaintiff must demonstrate that the defendant's actions deprived him of a right protected by the Constitution or laws of the United States. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982). Here, the plaintiff fails to satisfy the either element of this test.

■ Plaintiff does not allege the defendants' actions were taken "under color of state law." The sole connection between the defendants and the State of Connecticut is, as plaintiff himself puts it, McDonough's "status as a Commissioner of the Superior Court," which in Connecticut is a title assigned to members of the bar. *See* Conn. Gen.Stat. § 51–85. In order to hold an individual liable under § 1983, however, a plaintiff must establish that the alleged wrongful acts can be fairly attributed to the State. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 2770, 73 L.Ed.2d 418 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?' ").

■ The actions of an attorney, even in cases involving the misuse of a State statute, do not amount to " 'conduct that can be attributed to the State.' " *Dahlberg v. Becker*, 748 F.2d 85, 90 (2d Cir.1984) (quoting *Lugar,* 457 U.S. at 940–41, 102 S.Ct. at 2755–56), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). In such cases, "the State does not sanction such abuse, nor can it prevent it any more than it can stop a private party from committing a crime or tort." *Dahlberg,* 748 F.2d at 91.

■ Even if the plaintiff could establish state action, or attribute in some way the actions of the defendants to the State of Connecticut, merely being compelled to appear in a civil proceeding does not rise to the

---

**4.** To the extent the second count of plaintiff's Complaint also is based on RICO (*see* Complaint, at 5), the claim is dismissed for essentially the same reasons stated above in connection with

plaintiff's RICO count. To the extent the second count purports to state a claim as a civil rights violation, it is addressed in the remainder of this Opinion.

level of a constitutional deprivation. *See Easton v. Sundram,* 947 F.2d 1011, 1018 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Thus, the Complaint fails to state a claim under 42 U.S.C. § 1983.

Lastly, viewed in a broad light the second count may have been intended by the plaintiff as an action under 42 U.S.C. § 1985(3) to recover damages for a conspiracy to interfere with his civil rights. The court is of the opinion that *Easton, supra,* would prove as fatal to a claim under this provision as it would a claim under § 1983. In addition to this defect, however, a § 1985 conspiracy claim must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), and in this case the plaintiff makes no such allegation. Rather, plaintiff alleges that the defendants' motivation was to interfere with the plaintiff's employment. The second count, therefore, does not state a claim under § 1985.

## IV. CONCLUSION

For the reasons expressed above, the pending motions to dismiss the complaint (**document # 25 & 28**) are **GRANTED**. The Clerk is directed to enter judgment on behalf of the defendants and close this case.

It is so ordered.