Carl David MENDLOW, Plaintiff,

v.

**SEVEN LOCKS FACILITY,**
**et al., Defendants.**

**No. 3:99CV130(WWE).**

United States District Court,
D. Connecticut.

Jan. 4, 2000.

Carl Mendlow, Cos Cob, CT, pro se.

Timothy S. Hollister, Nathaniel Selleck, Shipman & Goodwin, Hartford, CT, Sharon V. Burrell, Steve G. Milla, Office of County Atty., Rockville, MD, for Seven Locks Facility, Rockville Police.

Patrick M. Noonan, Delaney, Zemetis, Donahue, Durham & Noonan, Guilford, CT, for Yale School of Medicine, Oscar Hills.

Raymond E. Epps, Office of Corp. Counsel, New Haven CT, for New Haven Police Dept.

Jennifer L. Forrence, Office of Atty. Gen., Baltimore, MD, for Facility on Central Maryland, Judge Monahan, Montgomery County.

### *RULING ON DEFENDANTS' MOTIONS TO DISMISS*

EGINTON, Senior District Judge.

On January 22, 1999, plaintiff filed the instant action *pro se* against Seven Locks Facility, the Yale University School of Medicine, Rockville Police, New Haven Police, an unnamed facility in central Maryland, the Honorable Henry J. Monahan, Susan Bers, Oscar Hills, a state employee known as "Laura," and Kinko's of Rockville Maryland.

On March 23, 1999, plaintiff amended his complaint to add David Parzow, the Sheriff of Montgomery County, and the Mount Lebanon Police to this action.

The complaint alleges violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, violation of the Fourth and Eighth Amendments to the United States Constitution, and conspiracy.

The defendants Seven Locks, the Rockville Police, Yale School of Medicine, Susan Bers, Oscar Bers, the Honorable Henry

Monahan, the Sheriff of Montgomery County, and the unnamed facility in central Maryland have moved for dismissal of this action.

For the following reasons, plaintiff's action is dismissed in its entirety. Although Mr. Parzow, Kinko's of Rockville, the Mount Lebanon police, the New Haven Police Department, and the state employee known as "Laura" have not moved for dismissal, the Court dismisses the complaint against them *sua sponte.*

### DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

Where a plaintiff is appearing *pro se,* the complaint must be liberally construed in the plaintiff's favor and must be held to the less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, the court's focus remains on whether the complaint states any valid ground for relief. *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993), *cert. denied,* 513 U.S. 1014, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994).

■ The power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules appli-cable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit. *Snider v. Dr. Melindez,* 199 F.3d 108 (2d Cir.1999).

### B. *RICO*

Defendants argue, *inter alia,* that plaintiff fails to state a claim pursuant to RICO. Plaintiff contends that he has made the requisite allegations to support his recovery pursuant to RICO.

■ To state a claim for a RICO violation, the plaintiff has two threshold pleading requirements. First, he must allege that the defendants, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly invest in, or maintain an interest in, or participate in an enterprise, the activities of which affect interstate or foreign commerce. Second, he must allege that he was injured in his business or property by reason of a violation of Section 1962. *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984).

■ An enterprise is defined as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C.A. § 1961(4). The Supreme Court elaborated that an enterprise is a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The Second Circuit instructs courts to look to the hierarchy, organization, and activities of an association-in-fact to determine whether its members functioned as a unit. *United States v. Coonan,* 938 F.2d 1553, 1560–61 (2d Cir.1991), *cert. denied,* 503 U.S. 941, 112 S.Ct. 1486, 117 L.Ed.2d 628 (1992). The enterprise must constitute an association that is substantially different from the acts which form the "pattern of

racketeering activity." *Harvey v. Harvey,* 931 F.Supp. 127 (D.Conn.1996), *aff'd,* 108 F.3d 329 (2d Cir.1997).

■ To claim a pattern of racketeering activity, plaintiff must allege (1) the existence of two or more racketeering predicate acts, (2) that the predicate acts are related, (3) that the predicate acts amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Telephone,* 492 U.S. 229, 239, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). The offenses which may serve as predicate acts for a RICO claim are listed in 18 U.S.C. § 1961, which list is exclusive.

Plaintiff's complaint is difficult to discern. However, the allegations filed January 22, 1999, seem to allege that the unnamed facility in central Maryland, the Yale School of Medicine, the state employee known as "Laura," Oscar Hills, and Susan Bers violated RICO by (1) kidnapping the plaintiff, (2) subjecting him to unlawful restraint, (3) extorting him, (4) committing wire and communications fraud, and (5) coercing him to submit to unnecessary medical treatment. Plaintiff alleges that the union of the unnamed facility in central Maryland and the Yale School of Medicine constitute a health care enterprise.

Plaintiff alleges further that the New Haven Police, the Maryland Police, and Seven Locks Facility, which violated RICO by kidnapping him, restraining him unlawfully, extorting him, and committing wire and communications fraud, engaged in a criminal justice enterprise.

Plaintiff claims that he was "injured in his property" as a result of these RICO violations. In particular, the plaintiff claims that he was prevented from completing a masters degree at Yale Graduate School; finishing his application process to law schools; completing a law degree at either the University of Washington Law School, or Cardozo Law School; and petitioning the courts, legislature, and executive branch for damages from his losses.

In the portion of the complaint filed on March 23, 1999, plaintiff alleges that the Sheriff of Montgomery County and the Mount Lebanon police engaged in a "maintenance enterprise" in which they violated RICO through at least two acts of extortion of plaintiff's property rights in his rental housing. Plaintiff claims that he was thereby injured in his litigation property, his housing and his person.

Plaintiff also alleges that he, his legal papers, and his cases against Yale University and the University of Washington constituted a litigation enterprise that the Sheriff of Montgomery County sought to acquire through a pattern of racketeering, including kidnaping, unlawful restraint and extortion of his property right in rental housing. Plaintiff claims that he was injured in his litigation and housing property.

■ Plaintiff's unsubstantiated and conclusory allegations that certain named and unnamed defendants participated in certain enterprises and took actions at unspecified times and places are insufficient to state a RICO claim. *See Molina v. State of New York,* 956 F.Supp. 257, 260 (E.D.N.Y.1995).

The Court cannot determine the nature of the unnamed facility in central Maryland that allegedly formed the "health care enterprise" with Yale University School of Medicine. Plaintiff does not allege that defendants Susan Bers, the state employee known only as Laura, and Oscar Hills participated in that "health care enterprise."

Plaintiff asserts through conclusory allegations that the New Haven Police, the Maryland Police, and Seven Locks facility constituted the criminal justice enterprise, and that the Sheriff of Montgomery County and the Mount Lebanon police formed the "maintenance enterprise." Plaintiff, however, has failed to allege facts that describe an organization whose various associates function as a continuing unit.

Similarly, the alleged "litigation enterprise" is described in such vague terms

that the Court cannot determine from the allegations what the term "litigation enterprise" means.

◼ Plaintiff's allegations concerning the pattern of racketeering activity are also wholly conclusory. The claims that the Sheriff of Montgomery and the Mount Lebanon Police violated RICO by extorting his "property right in rental housing" are particularly lacking in merit. As plaintiff previously alleged, he was evicted pursuant to a temporary restraining order sought by his landlord Mr. Parzow. An eviction pursuant to a TRO does not meet the statutory definition of a predicate act, even if veiled as extortion of property. 18 U.S.C. § 1961.

Finally, plaintiff has not sufficiently alleged a causal connection between the RICO violations and his alleged injuries. Accordingly, plaintiff's RICO claims will be dismissed.

### B. *Constitutional Claims*

Defendants Sheriff of Montgomery County, the unnamed facility in central Maryland, and the Honorable Henry Monahan assert that plaintiff's allegations of constitutional violations pursuant to the Fourth Amendment and the Eighth Amendment are barred by the statute of limitations and fail to state a claim.

Plaintiff's allegations filed on March 23, 1999, relate to claims of an incident that allegedly occurred on January 24, 1996. Specifically, plaintiff asserts that his landlord David Parzow caused a temporary restraining order to be issued against him, which resulted in his eviction and violation of his "right to be secure in his housing papers and effects against unreasonable searches and seizures." Plaintiff also claims that his eviction constituted a scheme to impose cruel and unusual punishment.

◼ The Court will assume that plaintiff has pleaded his claims pursuant to 42 U.S.C. Section 1983. The statute of limitations applicable to a Section 1983 claim filed in the District of Connecticut is three years. *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir.1998). Therefore, regardless of the merits of these allegations, plaintiff's Fourth Amendment and Eighth Amendment claims are barred by the statute of limitations since they were not brought until March 23, 1999, more than three years after the claims arose in January, 1996.

Additionally, plaintiff's conclusory and unsubstantiated allegations are insufficient to sustain actionable Section 1983 claims.[1] *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) ("complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.").

### C. *Conspiracy*

Defendants Sheriff of Montgomery County, the unnamed facility in central Maryland, and the Honorable Henry Monahan argue that plaintiff has not adequately pleaded his claim of conspiracy.

Plaintiff does not name any specific defendants in this count but only refers to "the defendants" who were part of a "scheme to deprive plaintiff of housing based on litigation deadlines." Plaintiff's complaint seems to allege that the unnamed defendants conspired to evict him from his housing and to deprive him of his right to litigate.

◼ The Court construes these allegations as a cause of action pursuant to Section 1983 for conspiracy to deprive plaintiff of his constitutional rights. It is well established that a complaint containing only conclusory, vague or general alle-

---

**1.** The allegations against David Parzow, which the Court dismisses *sua sponte*, are particularly frivolous and without legal basis since it is difficult to construe Mr. Parzow as a state actor.

gations of conspiracy to deprive a person of constitutional rights cannot survive a motion to dismiss. *Gyadu . v. Hartford Ins. Co.*, 197 F.3d 590 (2d Cir.1999). Here, plaintiff hints obliquely at the existence of a conspiracy between unknown defendants, who "closely track plaintiff's litigation and pounce on him at or near the end of what they believe to be is periods of time to act." Accordingly, plaintiff's allegations of conspiracy are dismissed.

### D. *Defendants Kinko's of Rockville and the Honorable Henry Monahan*

Plaintiff has named Kinko's of Rockville and the Honorable Henry Monahan as parties in his complaint. However, plaintiff has failed to allege any conduct by these defendants in his complaint and its amendment. Accordingly, this action is dismissed as to these defendants.

### E. *Individuals and . Entities Who Are Named in Body of Complaint*

Throughout the complaint and its amendment, plaintiff mentions individuals and entities who are not otherwise named as parties in the caption to the complaint. For example, in his RICO allegations, plaintiff refers to the Pittsburgh police and unnamed employees known as A.B.C.D. et al. Further, plaintiff claims that certain unnamed New York defendants abducted him for seven days, that the Library of Congress, the Capitol Police and certain unnamed Washington, D.C. defendants abducted him and held him for more than twenty hours with the intent to terrorize him. These individuals and entities appear to be remnants from allegations of prior complaints that may have been reconstituted to formulate the instant action.

There is no indication that these individuals and entities were served or even have knowledge of plaintiff's complaint. Therefore, the Court does not consider that these individuals and entities are parties to the complaint. In the alternative, if they were considered parties, the Court dismisses such allegations against them for the reasons set forth earlier in this opinion.

### CONCLUSION

The Court dismisses the complaint in its entirety. Accordingly, the Court GRANTS the Motions to Dismiss [docs. # 10, 12, 18, and 35]. The Motion for More Definite Statement is DENIED as moot. The Clerk of the Court is instructed to enter judgment in favor of all defendants and to close this case.

SO ORDERED.