Ashley **PELMAN, a child under the age of 18 years, by her Mother and Natural Guardian Roberta PELMAN, Roberta Pelman, Individually, Jazlyn Bradley, a child under the age of 18 years, by her Father and Natural Guardian Israel Bradley, and Israel Bradley, Individually, Plaintiffs,**

v.

**McDONALD'S CORPORATION, Defendant.**

No. 02 Civ. 7821(RWS).

United States District Court, S.D. New York.

April 7, 2003.

See also 237 F.Supp.2d 512.

Samuel Hirsch & Associates, by Samuel Hirsch, of counsel, New York City, for Plaintiffs.

Winston & Strawn, by Thomas J. Quigley, Bradley E. Lerman, Bruce R. Braun, of counsel, New York City, Wildman, Harrold, Allen & Dixon, by Anne G. Kimball, Sarah L. Olson, of counsel, Chicago, IL, for Defendants.

Rivka Robbin Freeman, Brooklyn, NY, Third–Party pro se.

*OPINION*

SWEET, District Judge.

Third party *pro se* Rivka Robbin Freeman ("Freeman"), a forty-three-year-old woman with a history of breast cancer she claims was caused by her eating habits, including eating at McDonald's outlets as a youth, has moved pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to join as a plaintiff the proposed class action initiated by over-weight teenagers and their parents against defendant McDonald's Corporation ("Mc-Donalds"), alleging that the teenagers' obesi-ty and concomitant health problems were caused by their heavy diet of McDonalds' products and that McDonalds engaged in deceptive advertising regarding the true un-healthy nature of their products.

As noted in an earlier opinion, this lawsuit has generated a great deal of attention in the press, in television satire and editorial com-ment. It is only natural that this interest will result in others seeking to join the plain-tiffs in their fight against "Big Food," wheth-er as a cause celebre or, as with Freeman, to pursue their own agenda and concerns with the fast food industry. If the plaintiffs' new-ly amended complaint survives a likely mo-tion to dismiss by McDonalds and if a class action is certified, a number of minors and their parents will have the opportunity to join this action. Until such time, however, there are no necessary parties lacking from this controversy. For the following reasons, therefore, Freeman's motion is denied.

***Prior Proceedings***

The plaintiffs commenced suit on August 22, 2002, in the State Supreme Court of New York, Bronx County. Defendants removed the action to the Southern District of New York on September 30, 2002, alleging as the basis of removal that the plaintiffs had fraud-ulently joined non-diverse parties in order to defeat diversity jurisdiction pursuant to 28 U.S.C. § 1332.

McDonalds moved to dismiss plaintiffs' complaint on October 7, 2002. The plaintiffs cross-moved to remand and in opposition to the motion on October 25, 2002. By order dated January 22, 2002, the complaint was dismissed in its entirety, but the plaintiffs

were granted leave to amend. Plaintiffs filed an amended complaint on February 19, 2003. McDonalds' response to the amended complaint is due April 14, 2003.

Freeman first sought to get involved in this action by an affidavit dated January 6, 2003, in which she offered her services as an "Independent Nutritionist." In her affidavit, she, *inter alia*, (1) suggested that the complaint be expanded to allege claims against other defendants, including beef and chicken producers, pesticide manufacturers, producers of trans fat products, health care insurers, and the Department of Health and Mental Hygiene; (2) responded to various allegations in the original complaint as well discussed McDonalds' products; and (3) offered recommendations to McDonalds, including that she be appointed to assist McDonalds in "balanced meals training" at a base pay of $500,000 in addition to bonuses and stock options.

By motion dated March 13, 2002, Freeman moved to join as a party. Freeman alleges that she seeks as the basis of her relief, *inter alia:* (1) an order certifying the plaintiff-class; (2) an order enjoining McDonalds from the production, distribution and sale of products containing chemically altered hydrogenated trans fats; (3) an order that McDonalds must find a supplier of french fries and hash browns that are not processed and a supplier for salad dressings that do not contain chemically altered hydrogenated oil or omega 6 oils; (4) an order enjoining McDonalds from frying their french fries in chemically altered hydrogenated oil and instead bake the french fries; (5) an order that McDonalds may only sell grilled meat, chicken and fish; and (6) an order that McDonalds advertise information on balanced meals, including Freeman's particular theory of "Zone Guidelines." McDonalds responded on March 31, 2003, and the motion was considered fully submitted on April 2, 2003.[1]

---

1. It is this Court's practice for motions involving *pro se* parties to be taken on submission, rather than to hold oral argument. Freeman appeared on April 2, 2003, however, although the papers were intended to be taken on submission. She stated then that she had a reply to McDonalds' opposition. She has not yet brought any such reply to the Court's attention. Given the facts

## *Facts*

Freeman states in her affidavit that she should be joined to the action because (1) she is a forty-three-year-old New York resident and mother of three children; (2) she was diagnosed with breast cancer at age twenty-five and has recently suffered a relapse on December 18, 2002 shortly after consuming burgers and french fried potatoes;[2] (3) she ate at McDonalds at least once a week from the time she was seven until she was twenty nine; (4) she acts to prevent diabetes and breast cancer; and (5) during her childhood, Freeman ate red meat at least five times a week and, on a daily basis, ate french fries and trans fatty foods.

## *Discussion*

### I. Standard of Review

In addressing the present motion, the Court is mindful that Freeman is proceeding *pro se* and that her submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (*quoting Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Her pleadings should be read "liberally" and interpreted "to raise the strongest arguments they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (*quoting Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (quotations omitted).

### II. Rule 19(a) [3]

Rule 19 provides, in relevant part:

---

that have already been presented, this decision will proceed even in the absence of any reply.

2. Freeman does not identify the source of the burgers and french fries.

3. Freeman did not move for intervention pursuant to Fed.R.Civ.P. 24, which generally governs the intervention of third parties into cases. In-

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede that person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). The Second Circuit has summarized the three situations where a party should be joined pursuant to Rule 19(a) as follows:

(1) if in [the absent party's] absence the court cannot grant complete relief among those already parties, (2) the absent party claims an interest related to the action and is so situated disposition of the action without that party may impair its ability to protect its interests, or (3) failing to join the absent party subjects parties already in the litigation to a substantial risk of double liability or otherwise inconsistent obligations.

*Arkwright–Boston Manufacturers Mutual Ins. Co. v. City of New York,* 762 F.2d 205, 208 (2d Cir.1985).

■ The first prong dictates that a party is necessary where that party's absence will prevent complete relief from being granted among the parties to the action, "not as between a party and the absent person whose joinder is sought." *Id.* at 209 (*quoting* 3A J. Moore, *Moore's Fed. Practice* ¶ 19.07–1[1], at 19–96 (2d ed.1984)). *See also Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 48 (2d Cir.1996) (complete relief could be accorded even without absent party because nothing in the district court's statements or final judgment required the absent party to do anything or change any of its positions); *Rose v. Simms,* No. 65 Civ. 1466, 1995 WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995) ("Courts are most likely to rule that complete relief may not be accorded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief."). The first prong is inapplicable here because Freeman's absence or presence will not affect the relief that is sought by the parties. The plaintiffs seek an order certifying their class action, damages, attorneys fees and an educational program to inform children and adults about the dangers of eating certain foods sold, marketed and produced by the defendants. Freeman's absence will not prevent such relief from being granted if warranted. Therefore, this prong does not apply.

The second prong focuses on whether the party seeking to be joined has a significant involvement in the issues to be litigated and whether her absence would, "as a practical matter," impair her ability to protect her interests. *E.g., Kamhi v. Cohen,* 512 F.2d 1051, 1053 (2d Cir.1975). The language "as a practical matter" has a restrictive as well as expansive side. Thus, the fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are not fully represented by the parties present; nor does the mere theoretical possibility of prejudice require joinder. 3A Moore's, ¶ 19.07, at 19–106 to 19–108. First, Freeman has not established that she would be a member of the putative class, comprised of overweight teenagers and their parents, set out in the complaint. She is not a teenager, her health issues concern breast cancer, and she does not allege that her three children eat frequently at McDonalds or suffer ill health effects as a result. Even if the latter were true, Freeman has failed to

deed, Rule 19 is, by contrast, used primarily defensively to argue that a case should be dismissed for failure to join a necessary party. In any case, even if Freeman had moved pursuant to Rule 24, she does not have any interest in any property or transaction at issue, as required of Rule 24(a). Further, Freeman does not have claims in common with those of the infant plaintiffs or their parents that could not be adequately represented by her as a class plaintiff, should the class be certified. In any case, the intervention of Freeman and her expansive theories of litigation would certainly prejudice the parties, and thus this Court would in any case exercise its discretion under Rule 24(b) to deny the motion to intervene.

**100**

establish that the current named class members would not adequately represent her claims. *E.g., United Transp. Union v. Long Island R. Co.,* 634 F.2d 19, 22 (2d Cir.1980), *rev'd on other grounds,* 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982) (holding that although the Attorney General was not made a party to a suit brought against the Long Island Rail Road and the Metropolitan Transportation Association challenging the validity of a law used to restrain a strike, the Attorney General was not indispensable for, among other reasons, his interests were adequately represented by the parties present); *Jeffries v. Georgia Residential Fin. Auth.,* 678 F.2d 919, 928 (11th Cir.1982) (holding that, in a constitutional challenge to eviction procedures of landlords against tenants of a federal housing program, it was sufficient to make one single landlord a party since absent landlords would have the same interests as the defendant and their interests were therefore protected).

Finally, the third prong considers whether failure to join an absent party may subject a party to inconsistent obligations or double liability. A number of Freeman's claims are far removed from those asserted by the plaintiffs. If she were to pursue a separate litigation, neither the plaintiffs nor McDonalds would be at risk of an inconsistent obligation or double liability.

In short, it appears that Freeman sincerely wants to be a part of the plaintiffs' fight based on her experience as a nutritionist and as a result of the traumatic injuries she claims were caused by her poor diet. Freeman's desire alone, however, is insufficient to establish that the plaintiffs' lawsuit cannot continue without her.

### Conclusion

For the foregoing reasons, Freeman's motion to intervene is denied.

It is so ordered.