VICTOR MARRERO, United States District Judge.
On June 9, 2003, defendant Victor Manuel Adam Carrasco ("Carrasco") pled guilty in this Court before the Honorable Gerard E. Lynch to one count of conspiracy to import cocaine, in violation of 21 U.S.C. Section 963, a Class A Felony, and one count of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sections 812, 841(a)(1), and 841(b)(1)(A), a Class A Felony. (See Dkt. Minute Entries dated June 9, 2003.) On May 4, 2004, Carrasco was sentenced to two hundred and sixty four (264) months imprisonment, followed by five (5) years supervised release. (See Dkt. Minute Entry for May 4, 2004; Dkt. No. 54.)
Since then, Carrasco has filed numerous successive petitions seeking the reduction or modification of his sentence under various theories. (See Dkt. Nos. 168, 220, 223, 224.) Most recently, by letter dated April 22, 2019, Carrasco seeks to move under Rule 52 of the Federal Rules of Criminal Procedure ("Rule 52") and Rosales-Mireles v. United States, --- U.S. ----, 138 S. Ct. 1897, 201 L.Ed.2d 376 (2018), to correct an alleged error in the calculation of the sentencing guidelines range for his offenses under the United States Sentencing Guidelines. (See "April 22, 2019 Letter," Dkt No. 246.)
For the reasons discussed below, Carrasco's motion is DENIED.
I. DISCUSSION
The Court notes that Carrasco is a pro se litigant. As such, the Court is obliged to hold his submissions to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted).
To start, Rule 52, which defines harmless and plain error, does not provide a vehicle for collateral review of a court's calculation of sentencing guidelines. However, because of Carrasco's status as a pro se litigant, the Court will evaluate the arguments contained in the April 22, 2019 Letter as a motion pursuant to 28 U.S.C. Section 2255 (" Section 2255") to vacate, set aside, or correct his conviction and sentence.
A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a Government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the United States Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).
Here, Carrasco contends that his request is brought within one year of the Supreme Court's ruling in *317 Rosales-Mireles . Though Carrasco is correct that his petition is brought within one year of Rosales-Mireles, that case did not identify a new right and make it retroactively available. Rather, that case stands for the proposition that, in the context of a direct appeal of a defendant's sentence, a court of appeals should exercise its discretion under Rule 52 to correct obvious errors by the Probation Department and district court in calculating a defendant's sentencing guidelines range, even if the defendant failed to object to the errors at sentencing. See Rosales-Mireles, 138 S.Ct. at 1906-09. Carrasco otherwise presents no reason why he could not have challenged the sentencing range earlier. Thus, the Court finds that Carrasco's petition is not timely.
Even if the Court were to reach the merits of Carrasco's claims, it would still find that he is not eligible for relief. Carrasco claims that Amendment 599 to the Sentencing Guidelines, which was already in effect when Carrasco was sentenced, does not permit the enhancement he received under Section 2D.1(b)(1) of the Sentencing Guidelines. (See April 22, 2019 Letter at 1-2.)
Carrasco is correct on the law. Section 2D.1(b)(1) operates to increase the offense level if the defendant possessed a firearm during the commission of the offense. However, pursuant to Amendment 599, "when a defendant is convicted of both an underlying offense and a [ 18 U.S.C. Section] 924(c) offense for using a firearm in connection with the underlying offense, his sentence on the underlying offense cannot be enhanced for the possession or use of a firearm." United States v. Campbell, 300 F.3d 202, 216 (2d Cir. 2002).
Although Carrasco is correct on the law, he is not on the facts. Carrasco misstates that he pled guilty "to use of a firearm during and in relation to a drug trafficking crime" under 18 U.S.C. Section 924(c)(1)(A) (April 22, 2019 Letter at 2). As explained in Cambpell, Amendment 599 would prohibit a Section 2D.1(b)(1) enhancement in such an instance. However, Carrasco pled guilty two drug offenses, not a firearm offense.[1] (See Dkt. Minute Entry for May 4, 2004; Dkt. No. 54; April 22, 2019 Letter at 7-10.) Further, Amendment 599 has no impact on the application of a Section 2D.1(b)(1) enhancement to sentencings for the drug offenses he pled guilty for. Thus, Amendment 599 is irrelevant, and would not entitle Carrasco to relief.
II. ORDER
For the reasons stated above, it is hereby
ORDERED that the Clerk of Court is directed to open a new civil case under 28 U.S.C. Section 2255. Once the new civil case is opened, the Clerk of Court shall docket in that case Document Number 246 from this case (01 Cr. 21), and then terminate any pending motions and close that case. It is further
ORDERED that the motion of defendant Victor Manuel Adam Carrasco ("Carrasco") (Dkt. No. 24 6) to correct an alleged error in the calculation of the applicable range under the United States Sentencing Guidelines pursuant to Rule 52 of the Federal Rules of Criminal Procedure is DENIED with prejudice.
The Court certifies under 28 U.S.C. Section 1915(a)(3) that any appeal from this order would not be taken in good faith, *318 and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).
SO ORDERED.

The source of confusion may be that Carrasco was originally charged with a violation of 18 U.S.C. Section 924(c)(1)(A), although he only pled guilty to two drug offenses. (See Dkt. Nos. 30, 35.)