**Gilbert LAU, Plaintiff–Appellant,**

v.

**Mark M. MEDDAUGH, et. al.,**
**Defendants–Appellees.**

No. 99–9363.

United States Court of Appeals,
Second Circuit.

Submitted: Sept. 29, 2000

Decided: Oct. 5, 2000

Gilbert Lau, pro se, New York, NY, for plaintiff-appellant.

Eliot Spitzer, Attorney General, Albany, NY (Charles F. Sanders, Assistant Attorney General), for defendant-appellee Meddaugh.

Michael Frey, Esq., Liberty, NY, for defendants-appellees Cohen and Katz.

Before: JACOBS, STRAUB, and SACK, Circuit Judges.

PER CURIAM.

Gilbert Lau, *pro se*, appeals from a sua sponte oral order entered by the United States District Court for the Southern District of New York (McMahon, *J.*), enjoining him from filing in that district any action on the same underlying facts unless he first submits the complaint to a United States Magistrate Judge for vetting. Lau raised three other issues on appeal which we reject in an unpublished summary order also filed today. *See Lau v. Meddaugh*, No. 99–9363, 2000 WL 1476577 (2d Cir.2000). This opinion considers Lau's claim that the district court violated his right to due process by imposing the filing injunction without notice. We vacate the district court's order and remand for further proceedings consistent with this opinion.

## Background

We recount only the facts that bear upon the issue addressed in this opinion. This case is the latest in a series of frivolous state and federal actions filed by Lau. Between 1996 and 1999, Lau filed at least two state and three federal actions involving the same underlying facts against, inter alia, Sullivan County, the Clerk of the County and its District Attorney, and a state court judge. Lau has taken two appeals and sought one mandamus petition before this Court.[1] In June 1999, Lau filed the present civil rights action in the district court against the state court judge and the other parties involved in his second state court suit.

At a pretrial conference, the district court dismissed the complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, without prior notice, the court sua sponte ordered Lau to show cause why a filing injunction should not be issued, and immediately heard Lau's argument against the proposed sanction. The district court then verbally enjoined Lau from filing any further lawsuits arising out of the underlying incidents in the Southern District of New York without prior approval by a magistrate judge. However, the district court did not memorialize the injunction in a written order. On appeal,

1. *See Lau v. Sullivan Cty. Dist. Att'y*, 201 F.3d 431, 1999 WL 1069966 (2d Cir.1999) (Table) (affirming the district court's dismissal for frivolousness of a complaint alleging a conspiracy by the Sullivan County District Attorney and police investigators to withhold documents from him during the first state case); *In re Lau*, No. 99–3012 (2d Cir. Apr. 9, 1999) (denying mandamus petition which sought review of district court's dismissal in *Lau v. Sullivan Cty.*); *Lau v. Cooke*, 208 F.3d 203, 2000 WL 287690 (2d Cir.2000) (Table) (affirming the district court's dismissal on the grounds of res judicata of complaint alleging civil rights violations by Sullivan County Clerk and Sullivan County, upholding the district court's denial of Lau's motion for a default judgment, and warning Lau of sanctions if he continues to file frivolous appeals).

Lau argues that the district court violated his right to due process by affording him no prior notice that he might be subject to the filing injunction.

## Discussion

■ The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a "history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" *In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984) (quoting *Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982)). The issuance of a filing injunction is appropriate when a plaintiff "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981) (per curiam); *see also Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir.1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).

■ However, "[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir.1998) (per curiam). The "chance to respond is an empty opportunity if the party is not given adequate time to prepare his response." *Schlesinger Inv. Partnership v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir.1982) (reversing sua sponte dismissal entered without prior notice).

■ In advance of the pretrial conference at which the injunction was considered, Lau was entitled to notice sufficient to allow him to prepare a response. *See Weitzman v. Stein*, 897 F.2d 653, 658 (2d

Cir.1990) (holding that, in absence of notice prior to hearing at which district court issued sua sponte order freezing party's assets, the order was entered in violation of due process).

■ Finally, we note that the district court did not memorialize the oral order in a formal injunction. Federal Rule of Civil Procedure 65(d), which provides the standards for the form and scope of injunctions, contemplates the issuance of a written order. *See* Fed.R.Civ.P. 65(d). The provisions of this rule "are no mere technical requirements."[2] *Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). Compliance with this rule is essential because, "until a district court issues an injunction, or enters an order denying one, it is simply not possible to know with any certainty what the court has decided." *Gunn v. Univ. Comm. to End War in Viet Nam*, 399 U.S. 383, 388, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970). Since an injunctive order prohibits conduct under threat of judicial punishment, fairness requires that the litigants receive explicit notice of precisely what conduct is outlawed. *See Lessard*, 414 U.S. at 476, 94 S.Ct. 713. Such notice and specificity foster effective enforcement. *See id.* Finally, detailed injunctions are needed to facilitate appellate review. *See Fonar Corp. v. Deccaid Services, Inc.*, 983 F.2d 427, 429–430 (2d Cir.1993) (citing *Lessard*, 414 U.S. at 476–77, 94 S.Ct. 713). "[S]trict adherence to the Rules is better practice and may avoid serious problems in another case." *Clarkson*, 544 F.2d at 633 (discussing Fed.R.Civ.P. 65(d) and 52(a)).

## Conclusion

The oral order enjoining Lau from filing additional claims is vacated, and this case is remanded to the district court for fur-

---

**2.** A court's failure to comply with the specific requirements of this rule does not render the injunction void. *See. Clarkson Co. v. Shaheen,* 544 F.2d 624, 632 (2d Cir.1976) (citations omitted).