**Emanuel PRINCE, Plaintiff–Appellant,**

v.

**Ernest DICKER, et al., Defendants–Appellees.**

**Docket No. 01–7805.**

United States Court of Appeals, Second Circuit.

Feb. 14, 2002.

Emanuel Prince, pro se.

Mark E Spund, Davidoff & Malito, LLP, New York, NY, for Appellees.

Present SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, entered on June 29, 2001, be, and it hereby is, AFFIRMED in part and REVERSED in part.

The plaintiff Emanuel Prince, *pro se,* appeals from a judgment of the United

**54**

States District Court for the Southern District of New York (Eugene H. Nickerson, *Judge*) dismissing his complaint and imposing a filing injunction requiring Prince to obtain the court's permission before filing additional lawsuits pertaining to the defendants' care of his sister.

Prince's sister resided at the Shore View Nursing Home from 1990 until her death in 1998. In January 2000, Prince brought suit against Ernest Dicker, the owner of Shore View, as well as Shore View's business manager, administrator, and attorney. Prince claimed that the defendants illegally charged him for expenses related to his sister's care. His complaint alleged, *inter alia*, violations of the Medicare/Medicaid anti-fraud provisions, 42 U.S.C. § 1320a–7b(d), and the Nursing Home Reform Amendments, 42 U.S.C. § 1396r. It also alleged that by engaging in a long-term scheme to double-bill patients and the government, the defendants operated a criminal enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

The defendants moved to dismiss Prince's complaint pursuant to Rules 12(b)(6) and 8 of the Federal Rules of Civil Procedure. The district court, finding Prince's complaint unintelligible and difficult to adjudicate, referred the matter to Magistrate Joan M. Azrack for a hearing. On March 26, 2001, Magistrate Azrack held a hearing at which she provided Prince with an opportunity to clarify the allegations in his complaint. Afterwards, she issued a written report concluding that it remained "impossible to make sense out of plaintiff's numerous assertions" and that even with assistance from *pro se* staff and her chambers, Prince would be unable "to present a legally sufficient complaint." Report and Recommendation at 2. She therefore recommended that the complaint be dismissed in its entirety. Because Prince had brought a similar complaint in 1998 "requesting that a special counsel be appointed to investigate these same claims," the dismissal of which had been affirmed by this Circuit, she further recommended that Prince be required to obtain the permission of the district court before filing "further lawsuits regarding the defendants' care of his sister." *Id.* at 3.

The district court adopted Magistrate Azrack's report and recommendation in its entirety, granting the defendants' motion to dismiss and imposing a filing injunction on Prince requiring him to obtain the court's permission before filing "additional lawsuits regarding the defendants' care of his sister." J. at 1.

We review the dismissal of a complaint pursuant to Fed.R.Civ.P. 8 for abuse of discretion, *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000), and dismissal pursuant to Fed.R.Civ.P. 12(b)(6) *de novo, id.* at 537.

▇▇▇ We discern some potentially cognizable claims in Prince's complaint, but we nonetheless affirm under Rule 12(b)(6) because the allegations fail to state a claim upon which relief can be granted. First, Prince cannot invoke the Medicare/Medicaid anti-fraud provisions in a civil complaint because these are criminal provisions. *See* 42 U.S.C. § 1320a–7b(d). Second, the Nursing Home Reform Act's provisions do not confer a right of action on Prince that can be enforced against a private nursing home such as Shore View. *See Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F.Supp.2d 1322, 1330–32 (N.D.Ga.2000). Finally, Prince's putative civil RICO action is barred by the statute of limitations. The limitations period for a civil RICO action is four years. *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Prince's cause of ac-

tion accrued in 1991 at the latest because a civil RICO cause of action accrues when a defendant commits an act that injures the plaintiff, not when the plaintiff has both suffered an injury and discovered the pattern of alleged RICO activity. *See Rotella v. Wood,* 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000). Prince did not bring this action until 1998, several years after the four-year statutory period expired. His civil RICO claim is therefore time-barred.

We find the remaining claims raised in Prince's complaint too vague and unintelligible to meet the standards of Rule 8. *See Kittay,* 230 F.3d at 541 ("[U]nder [Rule 8's] liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.") (internal quotation marks and citation omitted). We therefore affirm the district court's dismissal of Prince's complaint.

 We reverse the district court's imposition of a filing injunction, however, because of "[t]he unequivocal rule in this circuit ... that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998) *(per curiam ).*

Our review of the record on appeal, which includes letters Prince submitted to the district court after Magistrate Azrack issued her report . and recommendation, suggests that the district court did not give Prince adequate notice of the proposed filing injunction. It also suggests that Prince may not have understood that his only opportunity to object to the injunction would be within the ten-day peri-od following his receipt of Magistrate Azrack's report and recommendation.

We recognize the district court's authority and "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir.2000) (internal punctuation, alterations, and citations omitted). But a filing inunction "may not issue without notice to the party enjoined and an opportunity for that party to be heard." *MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261 (2d Cir.1999). That opportunity is meaningless " 'if the party is not given adequate time to prepare his response.' " *Lau,* 229 F.3d at 123 (quoting *Schlesinger Inv. Partnership v. Fluor Corp.,* 671 F.2d 739, 742 (2d Cir.1982)).

We cannot conclude on the record before us that the district court provided Prince with notice and a meaningful opportunity to be heard before enjoining him from filing additional lawsuits.

For the foregoing reasons, the judgment of the district court dismissing Prince's complaint in its entirety is hereby AFFIRMED, but the court's imposition of the filing injunction is REVERSED.