**Walter N. IWACHIW, Plaintiff,**

v.

**NYC BOARD OF ELECTIONS, N.Y. State Board of Elections, New York City, New York State, Defendants.**

**No. CV–01–6290(ADS)(WDW).**

United States District Court, E.D. New York.

Aug. 29, 2002.

Walter N. Iwachiw, Sunnyside, NY, Plaintiff Pro Se.

Corporation Counsel of the City of New York by Assistant Corporation Counsel Paul Marks, New York City, for the Defendants, New York City Board of Election and City of New York.

New York Attorney General's Office by Assistant Attorney General Ralph Pernick, Mineola, NY, for the Defendants, New York State Board of Elections and New York State.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Walter N. Iwachiw ("Iwachiw" or the "plaintiff") brings this action under 42 U.S.C. § 1983 alleging that the defendants the New York City Board of Elections, New York City (collec-tively, the "City Board of Elections"), the New York State Board of Elections and New York State (collectively, the "State Board of Elections") denied him access as a write-in candidate and a voter in the Green Party's primary for the United States Senator of New York in the year 2000 in violation of his constitutional and civil rights. Presently before the Court are two motions to dismiss the complaint, one by the State Board of Elections for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and another by the City Board of Elections for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Alternatively, the State Board of Elections moves to dismiss the complaint under Rule 12(b)(6).

## I. BACKGROUND

The following facts are taken from the complaint. In a one page cryptic state-ment, the plaintiff alleges that the City Board of Elections and the State Board of Elections denied him access as a write-in candidate and a voter in the Green Party's primary for **United States** Senator of New York on September 12, 2000 in violation of his constitutional and civil rights. As to the City Board of Elections, the plaintiff alleges that an unspecified City Board of Elections' Local Rule which denied write-in space for primaries was found unconsti-tutional by a Federal Appeals Court. As to the State Board of Elections, the plain-tiff alleges that it failed to standardize practices in the City Board of Elections "perpetuating the unconstitutional pro-cess". The plaintiff seeks $100,000,000 in damages for unspecified constitutional vio-lations under Section 1983 and Intentional Infliction of Emotional Distress under the New York common law.

Presently before the Court are two mo-tions to dismiss the complaint, one by the

State Board of Elections for lack of subject matter jurisdiction under Rule 12(b)(1) and another by the City Board of Elections for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Alternatively, the State Board of Elections moves to dismiss the complaint under Rule 12(b)(6).

## II. DISCUSSION

### A. The Standards

#### 1. Rule 12(b)(1)

When considering a motion for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986).

#### 2. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). In addition to the forgoing standard governing Rule 12(b)(6) motions, the Court must be mindful of the relevant rules of pleading under Rule 8(a).

#### 3. *Pro Se* Litigant

In addressing the present motions, the Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of her or his lack of legal training. *See Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983). Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from

compliance with relevant rules of procedural and substantive law . . . .' " *Traguth*, 710 F.2d at 95 (citation omitted).

The Court will address the issue of its subject matter jurisdiction first because a dismissal for lack of jurisdiction renders all other claims moot. *See Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999) (stating that subject matter jurisdiction and personal jurisdiction go to the power of the court to adjudicate the merits of a case). Indeed, district courts must police subject matter jurisdiction on their own initiative. Fed.R.Civ.P. 12(h)(3); *Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir.2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*").

## B. Subject Matter Jurisdiction

### 1. The Eliventh Amendment

█ The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. A State is thus immune from suits in federal court brought by its own citizens, *see Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 961, 148 L.Ed.2d 866 (2001), and such immunity extends to officers acting on behalf of the State. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–47, 113 S.Ct. 684, 687–90, 121 L.Ed.2d 605 (1993).

█ There are only three exceptions to this general rule. First, a State may waive its Eleventh Amendment defense. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 2223, 144 L.Ed.2d 605 (1999) (citing *Clark v. Barnard*, 108 U.S. 436, 447–48, 2 S.Ct. 878, 27 L.Ed. 780 (1883)). Second, Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80, 120 S.Ct. 631, 644, 145 L.Ed.2d 522 (2000). Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks . . . prospective injunctive relief." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 1132, 134 L.Ed.2d 252 (1996). With this background in mind, the Court now analyzes the issue of subject matter jurisdiction as to the State Board of Elections.

In his complaint, the plaintiff seeks monetary damages from the State Board of Elections for allegedly denying him access as a write-in candidate and a voter in the Green Party's primary for **United States Senator in the year** 2000. The plaintiff asserts claims under Section 1983 and Intentional Infliction of Emotional Distress under New York common law. The Court addresses each claim separately.

█ As to the Section 1983 claim, the Eleventh Amendment bars such actions against a State. *See Dube v. State Univ. of New York*, 900 F.2d 587, 594–95 (2d Cir.1990) (holding that the Eleventh Amendment precludes an action under Section 1983 against SUNY, an integral part of the State of New York); *see also Garcia v. SUNY Health Sci. Ctr. at Brooklyn*, No. 97–4189, 2000 WL 1469551, at *4 (E.D.N.Y. Aug. 21, 2000) (dismissing Section 1983 claim against state agent under the Eleventh Amendment). In addition, New York State has not waived its Elev-

enth Amendment defense in claims involving write-in candidates in United States Senatorial Primaries; Congress has not expressly abrogated States' sovereign immunity in this area; and the plaintiff does not seek prospective injunctive relief. Accordingly, the Eleventh Amendment bars the Section 1983 action against the State Board of Elections.

As to the Intentional Infliction of Emotional Distress claim, it is well settled that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Raygor v. Regents of the Univ. of Minn.*, No. 00–1514, 2002 WL 269234, *5 (U.S.Minn. Feb. 27, 2002) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984)). The Eleventh Amendment is an " 'explicit limitation on federal jurisdiction.' " *Id.* For the Court to have the power to adjudicate the state law claim, either an express waiver by the State or a congressional abrogation of the Eleventh Amendment must exist. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). The Court finds **that** neither **such event occurred.**

Supplemental jurisdiction under 28 U.S.C. § 1367(a) does not constitute a congressional abrogation of the Eleventh Amendment granting district courts the power to adjudicate pendent state law claims. *Raygor*, 534 U.S. 533, ——, 122 S.Ct. 999, 1005, 152 L.Ed.2d 27 (holding that Section 1367(a) does not contain a clear statement of a congressional intent to abrogate state sovereign immunity). In addition, the plaintiff does not refer to any congressional statute that intends to abrogate the immunity of New York State with respect to claims involving write-in candi-

dates in **United States** Senatorial Primaries and the Court has found no such law.

Finally, the Second Circuit has stated that "pendent jurisdiction should not be exercised merely because 'the exercise of such judicial power is desirable or expedient.' " *Young v. New York City Transit Auth.*, 903 F.2d 146, 164 (2d Cir.1990) (citations omitted). Accordingly, the claim for Intentional Infliction of Emotional Distress against the State Board of Elections is **also dismissed.**

### C. As to the City Board of Elections

As to the allegations against the City Board of Elections, the Court finds that the plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Each averment in the complaint must be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). The Second Circuit has stated that:

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (internal quotations & citations omitted). *See also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (stating that "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") (citations omitted).

A district court has the authority to dismiss a complaint, when it fails to comply with Rule 8. *Salahuddin*, 861 F.2d

at 42. However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* If a district court "dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons,* 49 F.3d at 86–87. "The complaint of a *pro se* litigant is to be liberally construed in his favor." *Id.* at 87 (citation omitted).

The one page complaint is devoid of how the City Board of Elections denied the plaintiff access as a write-in candidate; how the City Board of Elections' actions violated the Constitution and the New York common law; and which rights under the Constitution were violated. The complaint merely alleges that an unspecified City Board of Elections' Local Rule which denied write-in space for primaries was found unconstitutional by a Federal Appeals Court. **The plaintiff does not give the citation of this case. Nor does** the plaintiff state how this rule impacts the claims in this case.

■ Compliance with Rule 8 is particularly important in this case because the plaintiff has commenced previous actions concerning the Green Party's primary for **United States** Senator **in the year** 2000, which have been decided by this Court and other state courts. As such, the doctrine of *res judicata* may apply in this case. The plaintiff's vague allegations make it difficult to determine whether his claims have already been litigated. Because the complaint fails to comply with Rule 8(a), it must be dismissed against the City Board of Elections.

However, the Court **will permit** the plaintiff to file an amended complaint against the City Board of Elections. *See Simmons,* 49 F.3d at 86–87 (If a district court "dismisses the complaint for failure

to comply with Rule 8, it should generally give the plaintiff leave to amend."). **However,** failure to file an amended complaint within 30 days from the date of this order will result in the **dismissal** of this case **against the City Board of Elections,** with prejudice.

### D. Injunction against New Actions Filed by the Plaintiff

■ District courts have the power and the responsibility "to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir.2000) (internal quotations & citations omitted). A district court may issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *Id.* (internal quotations & citations omitted); *see also Malley v. New York City Bd. of Educ.,* 112 F.3d 69, 69 (2d Cir.1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events).

■ A district court " 'may not issue [a filing injunction] without notice to the party enjoined and an opportunity for that party to be heard.' " *MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261 (2d Cir.1999) (citation omitted). In its motion to dismiss the complaint, the State Board of Elections asks the Court to enjoin the plaintiff from filing any new *pro se* actions in all federal district courts without first seeking leave of the Court. In opposition, the plaintiff makes **unintelligible** references to being a victim of organized criminal activities and the pursuit of his legal career on the Internet. Accordingly, the plaintiff has been given an adequate oppor-

tunity to be heard with respect to the filing of an injunction.

 The Second Circuit has stated that:

> [T]he district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines Inc.*, 792 F.2d 19, 24 (2d Cir.1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The first factor weighs **heavily** against the . plaintiff. Since June of 1999, the plaintiff has filed nine separate complaints *pro se* in the Eastern District of New York. *See Iwachiw v. Gen. Elec. Corp.*, No. 99–3668 (E.D.N.Y. filed June 28, 1999); *Iwachiw v. Bd. of Educ.*, No. 99–6229 (E.D.N.Y. filed Oct. 1, 1999); *Iwachiw v. Boces Nassau*, No. 00–2341 (E.D.N.Y. filed Apr. 21, 2000); *Iwachiw v. New York State Bd. of Elections*, No. 00–5144 (E.D.N.Y. filed Aug. 25, 2000); *Iwachiw v. Bente*, No. 01–1441 (E.D.N.Y. filed Jan. 29, 2001); *Iwachiw v. Gersh*, No. 01–2254 (E.D.N.Y. filed Apr. 9, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01–4724 (E.D.N.Y. filed July 11, 2001); *Iwachiw v.*

*New York City Bd. of Elections*, No. 01–6290 (E.D.N.Y. filed Sept. 12, 2001); and *Iwachiw v. Massanari*, No. 01–7268 (E.D.N.Y. filed Oct. 24, 2001). During this time, the plaintiff has also commenced at **least** four actions in the courts of the State of New York. *See Iwachiw v. Doe*, 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (2001); *Iwachiw v. New York State Dep't of Transp.*, 96 N.Y.2d 792, 725 N.Y.S.2d 641, 749 N.E.2d 210 (2001); *Iwachiw v. New York State Bd. of Elections*, 96 N.Y.2d 746, 723 N.Y.S.2d 128, 746 N.E.2d 183 (2001); and *Iwachiw v. Bd. of Elections of Suffolk County*, 265 A.D.2d 590, 703 N.Y.S.2d 400 (2d Dep't 1999).

The second factor, the litigant's motive in pursuing the litigation, weighs against the plaintiff because he has no chance of prevailing against the State Board of Elections because the Eleventh Amendment bars his claims. The third factor, whether the litigant is represented by counsel, favors the plaintiff because he is proceeding *pro se*. The fourth factor, whether the litigant has caused needless expense to other parties and the courts, **also** weighs **heavily** against the plaintiff. *See* Supra pp. 382. In addition, this appears to be the plaintiff's third action filed in state and federal court involving the 2000 United States Senate Election.

 The fifth factor, the adequacy of other sanctions to protect the courts and other parties, is a difficult issue. As a litigant, the plaintiff is subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure. **In the Court's view**, at this time, sanctions are not appropriate. However, the Court finds that an order enjoining the plaintiff from filing further actions in the federal district courts of New York against the State Board of Elections without leave of the Court is appropriate to protect the State Board of Elections from vexatious litigation and

harassment. Accordingly, the Court directs that the plaintiff seek leave from this Court before filing any additional actions against the State Board of Elections arising out of or relating to his claim that he was denied access as a write-in candidate and a voter in the Green Party's **September 12, 2000** primary for **United States Senator.**

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint against the State Board of Elections for lack of subject matter jurisdiction under the Eleventh Amendment is **GRANTED;** and it is further

**ORDERED,** that the complaint against the City Board of Elections is dismissed **for failure to state** a short and plain statement of the claim showing that the plaintiff is entitled to relief; and it is further

**ORDERED,** that the plaintiff is permitted to file an amended complaint against the City Board of Election within 30 days from the date of this order and that the failure to do so will result in the **dismissal** of the case with prejudice; and it is further

**ORDERED,** that the plaintiff is **directed not** to file an amended complaint against the State Board of Elections; and it is further

**ORDERED,** that the plaintiff must seek **written permission by the Court** before filing any additional actions in the federal district courts of New York against the State Board of Elections arising out of or relating to his claim that he was denied access as a write-in candidate and a voter in the Green Party's **September 12, 2000** primary for **United States** Senator of New York; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case within 30 days of the date of this order if the plaintiff does not file an amended complaint against the City Board of Elections.

**SO ORDERED.**