**Walter N. IWACHIW, Plaintiff,**

v.

**NYC BOARD OF ELECTIONS, N.Y. State Board of Elections, New York City, New York State, Defendants.**

**No. CV–01–6290 (ADS)(WDW).**

United States District Court,
E.D. New York.

July 26, 2003.

Walter N. Iwachiw, Sunnyside, NY, Plaintiff Pro Se.

Corporation Counsel of the City of New York by Assistant Corporation Counsel Paul Marks, New York City, for the Defendants New York City Board of Election and City of New York.

New York Attorney General's Office by Assistant Attorney General Ralph Pernick, Mineola, NY, for the Defendants New York State Board of Elections and New York State.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this case, the *pro se* plaintiff Walter N. Iwachiw ("Iwachiw" or the "plaintiff") brings this action against the defendants the New York City Board of Elections, New York City (collectively, the "City Board of Elections") and the New York State Board of Elections and New York State (collectively, the "State Board of Elections") alleging that they denied him access as a write-in candidate and a voter in the Green Party's primary for United States Senator in the year 2000 in violation of his constitutional and civil rights. Presently before the Court is a motion by the City Board of Elections to dismiss the

amended complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure. In addition, the City Board of Elections seeks an order enjoining the plaintiff from filing any *pro se* actions in any federal court against them and the State Board of Elections without first obtaining leave of this Court.

## I. BACKGROUND

On September 12, 2001, the plaintiff commenced this action against the defendants. The complaint alleged that the City Board of Elections and the State Board of Elections denied him access as a write-in candidate and a voter in the Green Party's primary for United States Senator on September 12, 2000 in violation of his constitutional and civil rights. As to the City Board of Elections, the complaint alleged that an unspecified City Board of Elections' Local Rule which denied write-in space for primaries was found unconstitutional by a Federal Appeals Court. As to the State Board of Elections, the complaint alleged that it failed to standardize practices in the City Board of Elections "perpetuating the unconstitutional process". The plaintiff sought $100,000,000 in damages for unspecified constitutional violations under Section 1983 and Intentional Infliction of Emotional Distress under the New York State common law.

On August 29, 2002, the Court granted the State Board of Elections' motion to dismiss the complaint for lack of subject matter jurisdiction under the Eleventh Amendment to the United States Constitution. *See Iwachiw v. N.Y.C. Board of Elections*, 217 F.Supp.2d 374, 382–83 (E.D.N.Y.2002). The Court also dismissed the complaint against the City Board of Elections on the ground that it failed to state a short and plain statement of the claim showing that the plaintiff was entitled to relief. *Id.* In addition, the Court permitted the plaintiff to file an amended complaint only against the City Board of Elections. *Id.* at 383. Also, the Court directed that the plaintiff "seek written permission [from this] Court before filing any additional actions in the federal district courts of New York against the State Board of Elections arising out of or relating to his claim that he was denied access as a write-in candidate and a voter in the Green Party's September 12, 2000 primary for United States Senator of New York." *Id.*

On September 30, 2002, the plaintiff filed an amended complaint against the City Board of Elections. The amended complaint is a rambling, indecipherable statement. Among others allegations, it makes reference to La Cosa Nostra, RICO and bid-rigging. Among other contentions, it asserts claims under the Sherman Act, the Clayton Act, the Clear Water Act and a number of federal statutes.

## II. DISCUSSION

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Each averment in the complaint must be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). The Second Circuit explains that:

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995) (internal quotations & citations omitted). *See also Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000) (noting that the principal purpose of pleadings under the Federal Rules is to afford the adverse party fair notice of the claim as-

serted in order to permit her to answer and prepare for trial).

■ A district court has the authority to dismiss a complaint, when it fails to comply with Rule 8. *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). Indeed, a "district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts, as are redundant or immaterial." *Simmons,* 49 F.3d at 86. However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin,* 861 F.2d at 42. If a district court "dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons,* 49 F.3d at 86–87.

The Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (*per curiam* ) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir. 1993). The Court recognizes that it must make reasonable allowances so that a *pro se* litigant does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir.1983). However, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at 95 (internal quotation marks omitted).

■ The amended complaint is hopelessly unintelligible. It makes vague and incoherent references to La Cosa Nostra and RICO conspiracies and sets forth a host of alleged violations. None of these laws or alleged facts have anything to do with the plaintiff's original complaint.

Moreover, the allegations against the City Board of Elections are largely conclusory and nonsensical. Faced with the amended complaint, the City Board of Elections would be compelled to select the relevant material, if any, from a mass of unintelligible verbiage. Because the amended complaint fails to comply with Rule 8(a), the Court grants the motion of the City Board of Elections to dismiss the amended complaint in its entirety. Further, because the Court has given the plaintiff an opportunity to amend his complaint and he has again failed to comply with Rule 8, the amended complaint is dismissed with prejudice.

■ As to the request for a filing injunction, the Court has the power to issue such an order when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings." *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations & citations omitted). However, a district court " 'may not issue [a filing injunction] without notice to the party enjoined and an opportunity for that party to be heard.' " *MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261 (2d Cir.1999) (citation omitted).

Here, the plaintiff was given notice of the City Board of Elections' request for a filing injunction in their motion to dismiss. In response, the plaintiff states that he "strongly opposes" such request. As such, the Court finds that the plaintiff has been given an adequate opportunity to be heard with respect to the filing of an injunction.

■ The Second Circuit has stated that: [T]he district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious,

harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. United States Lines Inc.*, 792 F.2d 19, 24 (2d Cir.1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The first factor favors the City Board of Elections. Since June of 1999, the plaintiff has filed a plethora of *pro se* actions in the Eastern District of New York. *See Iwachiw v. Gen. Elec. Corp.*, No. 99–3668 (E.D.N.Y. filed Jun. 28, 1999); *Iwachiw v. Bd. of Educ.*, No. 99–6229 (E.D.N.Y. filed Oct. 1, 1999); *Iwachiw v. Boces Nassau*, No. 00–2341 (E.D.N.Y. filed Apr. 21, 2000); *Iwachiw v. New York State Bd. of Elections*, No. 00–5144 (E.D.N.Y. filed Aug. 25, 2000); *Iwachiw v. Bente*, No. 01–1441 (E.D.N.Y. filed Jan. 29, 2001); *Iwachiw v. Gersh*, No. 01–2254 (E.D.N.Y. filed Apr. 9, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01–4724 (E.D.N.Y. filed July 11, 2001); *Iwachiw v. New York City Bd. of Elections*, No. 01–6290 (E.D.N.Y. filed Sept. 12, 2001); and *Iwachiw v. Massanari*, No. 01–7268 (E.D.N.Y. filed Oct. 24, 2001); *Iwachiw v. New York City Dep't of Finance*, No. 02–4766 (E.D.N.Y. filed Aug. 29, 2002); *Iwachiw v. Port Authority of New York and New Jersey*, No. 02–4772 (E.D.N.Y. filed Aug. 30, 2002); *Iwachiw v. New York State Dep't of Motor Vehicles*, No. 02–6699 (E.D.N.Y. filed Dec. 16, 2002).

During that time, the plaintiff has also commenced, at a minimum, four actions in the courts of the State of New York. *See Iwachiw v. Doe*, 96 N.Y.2d 774, 725 N.Y.S.2d 632, 749 N.E.2d 201 (2001); *Iwachiw v. New York State Dep't of Transp.*, 96 N.Y.2d 792, 725 N.Y.S.2d 641, 749 N.E.2d 210 (2001); *Iwachiw v. New York State Bd. of Elections*, 96 N.Y.2d 746, 723 N.Y.S.2d 128, 746 N.E.2d 183 (2001); and *Iwachiw v. Bd. of Elections of Suffolk County*, 265 A.D.2d 590, 703 N.Y.S.2d 400 (2d Dep't 1999).

The second factor, the litigant's motive in pursuing the litigation, also favors the City Board of Elections. In that regard, the amended complaint makes rash allegations concerning the connection of the City Board of Elections to La Cosa Nostra and includes incoherent and delusional statements. The third factor, whether the litigant is represented by counsel, favors the plaintiff because he is proceeding *pro se.* The fourth factor, whether the litigant has caused needless expense to other parties and the courts, weighs significantly against the plaintiff. *See* supra pp. 12–13. Moreover, this action is, at a minimum, the plaintiff's third action filed in state and federal court involving the 2000 United States Senatorial Election.

The fifth factor, the adequacy of other sanctions to protect the courts and other parties, again favors the City Board of Elections. As with the State Board of Elections, the Court finds that an order enjoining the plaintiff from filing further actions in the federal district courts of New York against the City Board of Elections without leave of the Court is appropriate to protect them from vexatious litigation and harassment. However, at this time, the Court denies the broader request of the City Board of Elections for an order enjoining the plaintiff from filing *any pro se* actions in any federal court against

them and the State Board of Elections without first securing leave of this Court. Instead, the Court directs that the plaintiff seek leave from this Court before filing any additional actions against the City Board of Elections arising out of or relating to his claim that he was denied access as a write-in candidate and a voter in the Green Party's September 12, 2000 primary for United States Senator.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint against the City Board of Elections is **GRANTED** and the action is dismissed with prejudice; and it is further

**ORDERED,** that the plaintiff must seek written permission by the Court before filing any additional actions in the federal district courts of New York against the City Board of Elections arising out of or relating to his claim that he was denied access as a write-in candidate and a voter in the Green Party's September 12, 2000 primary for United States Senator of New York; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**